JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-3338 JGB (DTB)** | Date | June 30, 2026 |
|---|---|---|---|

| Title | *Dwight Timothy Grandy v. James Carson, et al.* |
|---|---|

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) DISMISSING Plaintiff's Complaint (Dkt. No. 1); and (2) DENYING AS MOOT Plaintiff's Offer (Dkt. No. 3)**

The Court reviews plaintiff Dwight Timothy Grandy's Complaint.  ("Complaint," Dkt. No. 1.)  The Court determines this matter is appropriate for resolution without hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  The Court **DISMISSES** the Complaint sua sponte.

## I.    BACKGROUND

On June 14, 2026, plaintiff Dwight Timothy Grandy ("Plaintiff") filed a complaint against defendants Alonzo Cantos, James Robert Carson, C. Murillo, and Richard Vernard Peel (collectively, "Defendants").  ("Complaint," Dkt. No. 1.)  On the same day, Plaintiff filed an "Offer and Conditional acceptance of court fees upon proof that court is of proper jurisdiction with points and authorities; or in the alternative an order of dismissal for lack of jurisdiction." ("Offer," Dkt. No. 3.)  The Complaint alleges three causes of action: (1) denial of due process, (2) infliction of peonage and involuntary servitude, and (3) tortious interference.  (Compl. at 6-7.)

## II.    DISCUSSION

The Complaint alleges that it constitutes a "collateral attack" to case no. 16CR-201048 in the California Superior Court, County of San Bernardino ("State Proceeding").  (Compl. at 2.) Under Fed. R. Civ. P. 12(b)(6), a complaint must "contain sufficient allegations of underlying

facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Where a party fails to state a claim under Fed. R. Civ. P. 12(b)(6), a court may dismiss the claim sua sponte. Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). Similarly, where a suit lacks standing, the Court lacks subject matter jurisdiction, and the suit should be dismissed under Fed. R. Civ. P. 12(b)(1). See Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

The Court construes Plaintiff's pro se pleadings "liberally" and affords Plaintiff "the benefit of any doubt." Chambers v. Herrera, 78 F.4th 1100, 1104 (9th Cir. 2023) (internal citations omitted). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. Lathus v. City of Huntington Beach, 56 F.4th 1238, 1243 (9th Cir. 2023).

Under the Rooker-Feldman doctrine, federal district courts are precluded from reviewing state court judgments in "cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." Brown v. Duringer Law Grp. PLC, 86 F.4th 1251, 1254 (9th Cir. 2023) (internal quotation marks omitted). To determine whether the Rooker-Feldman doctrine is applicable, a federal district first must "determine whether the action contains a forbidden de facto appeal of a state court decision." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." Id. (internal quotation marks omitted).

By Plaintiff's own admission, the instant case "is a collateral attack to case 16CR-021048." (Compl. at 2.) Plaintiff has merely submitted the same claims that were raised in the State Proceeding. (See Compl.) Plaintiff attempts to bring a "forbidden de facto appeal" of his State Proceeding. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). As a result, the Rooker-Feldman doctrine, which bars Plaintiff's action. Leave to amend in this instance would be futile because the Court does not have subject matter jurisdiction over the claims. See Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003); Lathus, 56 F.4th at 1243.

Therefore, the Court lacks subject matter jurisdiction and sua sponte **DISMISSES** the Complaint **WITHOUT LEAVE TO AMEND**. Accordingly, Plaintiff's Offer is **DENIED AS MOOT**.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND** and Plaintiff's Offer is **DENIED AS MOOT**.  The Clerk is **DIRECTED** to close the case.

       **IT IS SO ORDERED.**